Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy L. Bennecoff (AB0891)
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN FINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) |
| | ) |
| UNITED RECOVERY SYSTEMS, LP | ) |
| | ) |
| Defendant | ) |

# COMPLAINT

NOW COMES the Plaintiff, Susan Finn, and her attorneys, Kimmel & Silverman, P.C., and for her Complaint against the Defendant United Recovery Systems, LP

Plaintiff alleges and states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

6. Plaintiff is an adult individual who resides in Westville, New Jersey.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as she is a natural person allegedly obligated to pay a debt.

8. Defendant, United Recovery Systems, LP is a corporation with its registered address at 5800 N. Course Drive, Houston, Texas 77072.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. BACKGROUND ON THE FDCPA

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by

many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## V. **FACTUAL ALLEGATIONS**

15. At all pertinent times hereto, Defendant was hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes

17. Plaintiff has received collection communications from Defendant at least through December 6, 2010 (see letter from Defendant attached as Exhibit "A").

18. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed (see call log attached as Exhibit "B")

19. Defendant placed three collection calls to Plaintiff on December 6, 2010 (see call log attached as Exhibit "B").

20. Defendant placed three collection calls to Plaintiff on December 8, 2010 (see call log attached as Exhibit "B").

21. Defendant placed three collection calls to Plaintiff on December 9, 2010 (see call log attached as Exhibit "B").

22. Plaintiff received voicemail messages from Defendant's telephone number 856-873-5237 on November 5, 7, 9, 10, 12, 15, and 18, 2010.

23. Defendant first contacted Plaintiff by telephone on November 5, 2010.

24. Plaintiff spoke with a representative named Tony Di Giovani on November 5, 2010.

25. During this conversation, Defendant's representative, Tony Di Giovani demanded to know what items were purchased on the original credit card.

26. Defendant's representative, Tony Di Giovani, refused to accept Plaintiff's payment offer of $20.00 and instead demanded that she pay the full amount due.

27. Defendant's representative, Tony Di Giovani, asked Plaintiff where she worked. When Plaintiff refused to respond, Defendant's representative, Tony Di Giovani, said he would find out from her Social Security number.

28. Defendant's representative, Tony Di Giovani, stated that he would get the money due on the account from Plaintiff's family members.

29. Despite having Plaintiff's correct contact information, Defendant contacted Plaintiff's neighbor, Maltilda Moore, on November 5, 2010 and identified itself as a debt collector.

30. Defendant falsely stated to Plaintiff's neighbor, Maltilda Moore, that Plaintiff was refusing to take its calls.

31. Defendant's representative, Tony Di Giovani, again contacted Plaintiff by telephone on November 18, 2010.

32. During this conversation, Defendant's representative, Tony Di Giovani, threatened to charge off Plaintiff's account if immediate payment was not made and stated that Plaintiff would never again be able to obtain credit.

33. Another representative from Defendant's office, John Beauchamp, contacted Plaintiff by telephone on November 19, 2010.

34. Defendant's representative, John Beauchamp, stated that he had personal information to disclose to Plaintiff and proceeded to ask Plaintiff a series of invasive questions.

35. Plaintiff refused to provide personal information and ended the phone call.

## VI. CONSTRUCTION OF APPLICABLE LAW

36. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

37. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

38. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## VII. ALLEGATIONS

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Defendant violated §1692 generally.

   b) Defendant violated §1692b(2) of the FDCPA by communicating with a third party in connection with Plaintiff's alleged debt and by stating that Defendant is calling from a debt collection company.

   c) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

       d)     Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff.

       e)     Defendant violated §1692e of the FDCPA by using false, deceptive and misleading representations in connection with the collection of an alleged debt.

       f)     Defendant violated §1692e(10) by using a deceptive means in an attempt to collect a debt by threatening that if immediate payment is not made Plaintiff will never again be able to obtain credit.

       g)     Defendant violated §1692e(10) by using a deceptive means in an attempt to collect a debt by communicating with a third party in connection with Plaintiff's alleged debt and by stating that Defendant is calling from a debt collection company.

       h)     Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.     Any other relief deemed appropriate by this Honorable Court.

**VIII.**     **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury as to all issues triable.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Date:   03/11/11          By: /s/ *Amy L. Bennecoff* (AB0891)
AMY L. BENNECOFF
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334